959 F.2d 239
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carl Wayne BERG, Plaintiff-Appellant,
v.
Gary D. BABCOCK, et al., Defendants-Appellees.
 No. 90-35907.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 25, 1992.*
Decided April 1, 1992.
 
 Before JAMES R. BROWNING, TANG and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carl Wayne Berg, an Oregon state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 civil rights action against two Oregon public defenders. In his complaint, Berg alleged that the defendants had violated his constitutional rights by failing to provide him with adequate legal assistance in connection with state habeas corpus proceedings and sought damages. We have jurisdiction under 28 U.S.C. § 1291.
 
 
 3
 Berg contends that he had a right to effective assistance of counsel in his state habeas corpus action. In an order filed on October 17, 1990, the district court addressed this issue. We affirm the judgment for the reasons stated in the district court's order.[1]
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Berg also argues that the defendants violated his constitutional right of access to the courts because the state had established a procedure "whereby a plaintiff can only proceed in a writ [of habeas corpus] through appointed counsel." This argument is meritless. Although Oregon law provides for appointment of counsel in a state habeas corpus proceeding, there is no evidence that state law prohibits a petitioner from proceeding pro se. The fact that the state court initially forwarded Berg's habeas petition to the public defender's office does not demonstrate that the court would have prohibited Berg from proceeding pro se had he requested to do so. Nor did Berg allege that the defendants were responsible for the state court's policy of referring habeas corpus petitions to the public defender's office